**In re Scott C. KNEPPER and Jeannine M. Knepper, Debtors**

**Scott C. Knepper and Jeannine M. Knepper, Movants**

**v.**

**Capital One Auto Financial, Respondent.**

**No. 08–10390.**

United States Bankruptcy Court, W.D. Pennsylvania.

May 19, 2009.

Stephen H. Hutzelman, Plate Shapira Hutzelman Berlin May et al., Erie, PA, for Debtor.

Ronda J. Winnecour, Pittsburgh, PA, for Trustee.

## MEMORANDUM

WARREN W. BENTZ, Bankruptcy Judge.

Scott Knepper and Jeannine Knepper ("Debtors") filed a voluntary Petition under Chapter 13 of the Bankruptcy Code on February 29, 2008 ("Filing Date"). This matter involves the Debtors' Motion under 11 U.S.C. § 506 to determine the amount of a secured claim held by Capital One Auto Finance ("Lender") on a 2006 Chrysler Pacifica. The lien was created less than 910 days prior to the Filing Date.[1]

Lender asserts that its lien is a purchase money security interest not subject to modification pursuant to § 1325.

A portion of the loan proceeds from the Lender were used to satisfy the negative equity which the Debtors had in the vehicle that was traded in for the Chrysler Pacifica. Debtor asserts that payment of the negative equity destroys the purchase money character of the lien, and therefore, the loan is subject to modification under § 1325 into a secured claim for the present value of the vehicle and a general unsecured claim for the balance.

We have reviewed the briefs of the parties and consulted the most recent case law developments on the issue of whether, when negative equity on a used automobile trade-in is included in the financing of a new car purchase, the resulting security interest qualifies as a purchase money security interest for the purposes of § 1325(a)(9)[2]

While the authorities are divided on the issue, we agree with the most recent weight of authority in reaching the conclusion that the negative equity is included as part of the Lender's purchase money security interest and that the Lender's claim is not subject to bifurcation. *In re Price*, 562

---

1. All references to Code sections are to Title 11 of the United States Code.

2. The so-called "hanging paragraph" at the end of § 1325(a)(9) provides:

   For purposes of paragraph (5), section 506 shall not apply to a claim described in that paragraph if the creditor has a purchase money security interest securing the debt that is the subject of the claim, the debt was incurred within the 910–day preceding the date of the filing of the petition, and the collateral for that debt consists of a motor vehicle (as defined in section 30102 of title 49) acquired for the personal use of the debtor, or if collateral for that debt consists of any other thing of value, if the debt was incurred during the 1–year period preceding that filing.

F.3d 618 (4th Cir.2009); *In re Shaw,* 552 F.3d 447 (6th Cir.2009); *In re Graupner,* 537 F.3d 1295 (11th Cir.2008); *In re Sanders,* 403 B.R. 435 (W.D.Tex.2009); *In re Muldrew,* 396 B.R. 915 (E.D.Mi.2008); *General Motors Acceptance Corp. v. Peaslee,* 373 B.R. 252 (W.D.N.Y.2007); *But see e.g., In re Penrod,* 392 B.R. 835 (9th Cir. BAP2008); *In re Callicott,* 396 B.R. 506 (E.D.Mo.2008); *Citifinancial Auto v. Hernandez—Simpson,* 369 B.R. 36 (D.Kan. 2007), *In re Mancini,* 390 B.R. 796 (Bankr. M.D.Pa.2008).

An appropriate Order will be entered.

### ORDER

This 19th day of May, 2009, in accordance with the accompanying Memorandum, it shall be and hereby is, ORDERED as follows:

1. The Debtors' Motion to Determine Secured Status is DENIED.

2. Capital One Auto Finance is entitled to a secured claim of $18,054.06 plus interest.

3. Debtors shall, within 15 days, file an Amended Chapter 13 Plan as necessary, to provide for the payment of the secured claim of Capital One Auto Finance or make arrangements to surrender the vehicle.